## J. C. CASKEY *v.* H. J. SPRADLIN.

Forcible Entry and Detainer—Finding of the Jury Not Sustained by Proof—
Actual Possession.

   None but those who are in actual possession when a forcible entry is
made, can maintain the warrant of forcible entry under the statutes.

APPEAL FROM MORGAN CIRCUIT COURT.

January 27, 1872.

OPINION OF THE COURT BY JUDGE HARDIN:

This was a proceeding, by a writ of forcible entry, to recover the possession of a coal bank and land adjacent thereto, claimed by the plaintiff, Henry J. Spradlin, under a patent from the Commonwealth to John Dyer, a decretal sale and conveyance to John W. Hazelrigg of the patent boundary, made in. certain suits against Hazelrigg to Spradlin. The inquisition in the country was for the defendant, which being traversed, was found by a jury and adjudged in the circuit court to be untrue; and the traversee, Caskey, has appealed from the judgment to this court.

The only essential question involved on the trial, and which is now before this court for decision is, whether, at the time of the alleged entry by the defendant, the plaintiff had, in fact, the possession of the premises in controversy, and was ousted thereof by the defendant. The testimony of George W. Chappell, as given on the trial, seems to fully show the nature and extent of the asserted possession of the appellee, and the ouster complained of

by him; that witness stated: "That he was a coal miner; that he was employed by the plaintiff to raise coal on the land in controversy, some time in December, 1870. That he went to work, and was there in the coal bank several days when the defendant, Caskey, came to him and told him to quit work, and claimed the coal bank and land. The witness quit work, as requested by defendant, and went to West Liberty and informed the plaintiff what he had done. The plaintiff sent him back to the coal bank and he remained a few days, when two men came on the hillside near the coal bank, and told him to leave, which he did. He was at the coal bank, in all, about 18 days, and raised about 1,000 bushels of coal. The two men spoken of were unknown to witness. That plaintiff Spradlin lived in West Liberty, 5 miles from the coal bank, and now lives there, and never had possession of the coal bank, to his knowledge, further than by putting him in to work."

Caskey, who claimed the land under title papers, appearing to embrace the land, proved by several witnesses, that for the purposes of using and operating the coal bank, excavating, removing and selling coal, he was in the actual possession of the premises, both before and after the interference by Chappell, and had the coal opened and being worked at another place than that at which Chappell was at work.

Of the action of the court in giving and refusing instructions, so far as copied in the record (some rejected instructions being lost), it is sufficient to say, that no available error appears to have been committed.

But the essential inquiry is, whether a new trial ought not to have been granted on the ground that the finding of the jury was not sustained by the evidence.

It does not appear whether Chappell was driven off from the coal bank by the procurement of Caskey or not, but presuming he was, as we are satisfied his entry on the premises was a mere trespass on the coal bank, then in the actual possession of Caskey, without successfully ousting the latter, and resulted in no more than an attempt to take and hold the coal bank for Spradlin, which was abandoned; and as none but those who are in actual possession when a forcible entry is made, if committed at all, can maintain the warrant of forcible entry under the statute, we are of the opinion that the verdict of the jury was not sustained by the evidence, and ought, therefore, to have been set aside, on the motion for a new trial.

Wherefore, the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.

*Cooper & Havens, for appellant.*
*Hazelrigg, for appellee.*